## W. I. BOYD v. THE STATE.

No. 12027. Delivered December 19, 1928.
Rehearing denied February 6, 1929.

The opinion states the case.

No brief filed for appellant.

*W. J. Glasgow,* County Attorney of Clay County, and *A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is making a false entry in a book of a state bank; the punishment confinement in the penitentiary for two years.

Appellant asked for a change of venue. The basis of his application was that there existed in Clay County such prejudice against him as that a fair and impartial trial could not be had. The state controverted the application, and on the issue thus joined each side brought forward three witnesses. Donnelly Suddath, testifying for appellant, stated that he was engaged in the general insurance business and practice of law; that he wrote insurance all over the county and had lately been over the entire county and had talked to people from various parts of the county; that he had heard appellant's case discussed nearly everywhere he had been; that the parties he heard discussing the case were interested in knowing what was going to be done with appellant; that the people who came to his office from one portion of the county said that it would be a shame if appellant wasn't "stuck"; that from his discussion with people generally they appeared to be pretty well "worked up" about the matter; that some of the people seemed to be friendly to appellant and expressed the hope that he would get out of his trouble; that in the town of Henrietta, which is the largest town in the county, feeling was very bitter against appellant; that pursuing the legal method of selecting jurors it was his opinion from what he had learned from hearing the

case discussed in various parts of the county that it would be very difficult to secure a jury as it appeared that nearly everywhere he had been people of the county knew about the case and expressed themselves against appellant. Clay Coleman, justice of the peace and employee of the Henrietta Independent, a newspaper, testified that 90% of the issue of August 26, 1927, went to all parts of Clay County, and that on that date the paper had a circulation of approximately 1,500. An article appearing in the Henrietta Independent of August 26, 1927, in substance, stated that appellant was at liberty under bonds aggregating $10,500; that three complaints had been filed against him charging him with the conversion of funds of the bank and funds of the estate of John S. Campbell, deceased, for which appellant was sole executor; that an investigation of appellant's bank by a state bank examiner indicated, according to his statement, that the bank was short in the sum of approximately $20,000 and that further investigation might probably disclose a larger shortage; that appellant had been arrested under the complaints early in the week; that his bondsmen had requested that they be relieved; that in the meantime appellant had left the county; that he was arrested in Amarillo, knowledge of his whereabouts being obtained from county agent R. G. McNeill; that it was alleged in one complaint that appellant had converted $35,000 belonging to the Campbell Estate with the intent to defraud the heirs; that appellant had been connected with the failed bank for ten or eleven years. Appellant also offered in evidence an article contained in the Henrietta Independent under date of December 16, 1927, referring to appellant's trial on that date for making a false entry in the books of the Guaranty State Bank of Bellevue. It was recited in said article that appellant had received six years at the hands of the jury after a deliberation on their part of 35 minutes; that the first ballot showed that the jury unanimously voted for his guilt, and that on the third ballot it was unanimously voted that he receive a term of six years; that eight other indictments were pending against appellant in "the Bellevue matter" and further in the matter of the Campbell Estate. Appellant also offered in evidence the judgment and sentence of the court. George Cunningham, sheriff of Clay County, controverted the application for a change of venue. Testifying for appellant on the issue, he said: "Knowing the conditions as I do and the people as I know them, I mean to say that I believe a jury can be had that would give him a fair trial, but in order to get them I believe you've got to stay away from certain parts of the county,

and go into certain parts of the county where you can find men that haven't any feeling in the case to give him a fair trial. I haven't heard of very few men who were legal jurors in the north part of the county discussing the case; as a general thing I don't talk much about these cases and what I've heard about all their asking generally is when the trial will be or what the bond will be." R. F. Jones, a witness for the state, testified that he lived in Petrolia which was in the north part of the county; that he had heard very little discussion in his community concerning the case; that he had disqualified as a juror in the case because he had formed an opinion as to appellant's guilt, having reached the conclusion that appellant was guilty. Aleck O'Quinn, a witness for the state testified that he lived at Petrolia in the north end of the county and that he knew of no prejudice against appellant in that community. Mr. Beall testified for the state that he lived in Petrolia and had never heard any general talk of prejudice against appellant in said town; that what he had heard in Petrolia had caused him to form an opinion of the guilt or innocence of appellant. Of the regular panel of 20 jurors, 12 disqualified on account of having formed an opinion. With appellant's consent the sheriff was instructed to go to the north end of the county for talesmen. Of 53 talesmen summoned 20 disqualified because of opinions.

We think the learned trial judge fell into error in refusing to change the venue. Appellant had previously been tried for an offense growing out of the failure of the bank of which he was an officer and awarded a term of six years in the penitentiary. His arrest upon complaints involving embezzlement of the funds of the bank and of property belonging to the estate of Campbell had been given wide publicity in the Henrietta Independent. No witness for the state denied the fact that the case had been generally discussed in various parts of the county. The testimony of appellant's witnesses was to the effect that such prejudice existed against him in the county generally that he could not obtain a fair and impartial trial. In an effort to rebut such testimony the state resorted to the testimony of three witnesses coming from the same community in the north part of the county. These witnesses were only acquainted with conditions in their community and went no further in their testimony than to state that they had heard but little discussion in the town of Petrolia. The sheriff of the county who made the controverting affidavit was of the opinion that in order to secure a fair and impartial jury the jury would have to be drawn from certain

portions of the county, to the exclusion of other parts of the county. In summoning talesmen the court felt it necessary to instruct the sheriff to go to the north part of the county. We find nothing in the evidence to rebut the testimony offered by appellant to the effect that his case had been generally discussed and that there existed such prejudice against him that it would be improbable that he could secure a fair and impartial trial. The rule stated in McNeely v. State, 283 S. W. 522 is as follows:

"The duty is upon the trial court to weigh the evidence, and if therefrom there arise conflicting theories, one tending to show prejudice of the nature mentioned and the other the contrary, the discretion as to the court is to adopt either. In the absence of abuse of this discretion, the judgment is not to be disturbed upon the appeal. If, however, the evidence is such that it leads to the conclusion that bias, prejudice, or prejudgment of appellant or his case is such as to render it improbable that a fair and impartial trial can be given him, the trial court is without discretion to refuse the application."

The sufficiency of the evidence is challenged. In view of the disposition made of the case, we pretermit a discussion of the question, but express grave doubt as to the sufficiency of the evidence.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—The State has filed a motion for rehearing in which it is urged that we were in error in holding that on the record before us a change of venue should have been ordered. This has made it necessary to again review the evidence upon the issue mentioned. We have done this in spite of the great amount of work demanded by our docket. Our views have not been changed regarding the matter as a result of this further investigation.

It would be profitless and a useless consumption of time to set out the conflicting evidence further than was done in the original opinion. We must ask interested parties to be satisfied with the statement of our conclusions.

The state's motion for rehearing is overruled.

*Overruled.*